<u>ABELLI V. ANSONIA BOARD OF EDUCATION</u>, 12 CV 1432 (JBA)

1/22/13 – *AMENDED* ELECTRONIC ENDORSEMENT <u>GRANTING IN LIMITED PART</u> DEFENDANT'S MOTION FOR PROTECTIVE ORDER, filed 12/7/12 (Dkt. #12)

  On or about March 2, 2012, plaintiff commenced her employment lawsuit against her former employer in the New Haven Superior Court, which action was removed to federal court by defendant on October 5, 2012.  (Dkt. #1).   Plaintiff recently filed an Amended Complaint (Dkt. #21) on January 12, 2013, in which she alleges that she had served as a non-tenured teacher at Ansonia High School from September 2007 through June 2012, first as a permanent substitute and then as a Culinary Arts teacher (¶ 3), that from April 2011 through March 2012, various employees of defendant, including Carol Merlone, Ansonia Superintendent of Schools, suspected plaintiff of having mishandled school funds (¶¶ 4-9), and that at plaintiff's request, a public hearing was held on April 4, 2012, at which defendant upheld Merlone's prior decision and terminated plaintiff's employment.  (¶¶ 10-14).  Plaintiff alleges that the hearing deprived plaintiff of her liberty interests without procedural due process of law.  (¶¶ 13, 15).

  Under the present Scheduling Order, filed December 3, 2012 (Dkt. #11), all discovery is to be completed by October 1, 2013, and all dispositive motions are to be filed by November 1, 2013.

  On December 7, 2012, defendant filed the pending Motion for Protective Order and brief in support (Dkt. #12),[1] regarding the scope of questioning at Merlone's deposition.  Six days later, on December 13, 2012, U.S. District Judge Janet Bond Arterton referred the motion to this Magistrate Judge. (Dkt. #14).  Two days later, on December 15, 2012, plaintiff filed her brief in opposition.  (Dkt. #15).  Defendant's reply brief was filed on January 9, 2013.  (Dkt. #20; <u>see also</u> Dkts. ##16, 18).

  In its motion, defendant seeks to limit the scope of Merlone's deposition to the "nature and extent of the process afforded the [p]laintiff following the notice of non-renewal[,] [s]pecifically this process includes the April 4, 2012 hearing afforded the [p]laintiff and . . . Merlone's observations at the hearing[,]" as well as "[t]he fact of . . . Merlone's delivery of the March 22, 2012 non-renewal notice and the extent of its publication."  (Dkt. #12, at 2; Brief, at 7-8).  According to defendant, "[t]he substance of the non-renewal notice and the facts and conduct leading to its creation are specifically outside the scope of this stigma plus claim."  (Dkt. #12, at 2; Brief at 2, 4-7).

  In contrast, plaintiff argues that she is entitled to a full gamut of questioning, including "the Superintendent's supervision of the plaintiff, her criticism of the plaintiff, her motivation in seeking to terminate the plaintiff, her basis for claiming that the plaintiff had stolen federal money, and her credibility."  (Dkt. #15, at 2; Dkt. #12, Exh. C).

  Not surprisingly, defendant understates what issues are relevant here, while plaintiff

---

  [1]Three exhibits were attached: copy of the transcript of the April 4, 2012 public hearing ["Tr."](Exh. A); copy of correspondence between counsel, dated December 5, 2012 (Exh. B); and copy of e-mail communications between counsel, dated November 25, November 28, November 29, and December 5, 2012 (Exh. C).

overstates them.  Under defendant's analysis, the relevant facts of this lawsuit begin on March 2, 2012, when Merlone delivered the non-renewal notice to plaintiff.  What constitutes "due process" for the April 4, 2012 hearing does not occur in a vacuum, and some context must be given as to the process which drove the parties to that public hearing.  Defendant is right that the correctness of the ultimate decision is not at issue here, but plaintiff must be given some leeway to inquire as to the steps that Merlone took in order to reach the March 2, 2012 notice and then to reach the April 4, 2012 public hearing.  Any defects in the prior steps have at least the potential to disrupt any judicial imprimatur upon the propriety of the public hearing.  To put it more simply, a hasty and inadequate investigation leads to a higher likelihood that a public hearing can be found to lack adequate due process.  Thus, plaintiff may inquire as to what steps defendant took prior to March 2 and April 4, 2012, but not as to the substance of the investigation and whether defendant's decision was correct.

And contrary to plaintiff's position, she is not entitled to inquire as to the Superintendent's supervision of plaintiff, her criticism of plaintiff, her motivation in seeking to terminate plaintiff, her basis for claiming that plaintiff had stolen federal money, and her credibility, all of which are irrelevant to the issues raised in this lawsuit.

Accordingly, defendant's Motion for Protective Order (Dkt. #12) is granted in limited part to the extent set forth above.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**[2]

---

[2] If counsel believe that a settlement conference before this Magistrate Judge would be productive, they should contact Chambers accordingly.